

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------X<br>KRONOZ INTERNACIONAL, INC.,<br><br>              Plaintiff,<br><br>      -against-<br><br>CUSTOM SOFT S.A. de C.V.,<br><br>              Defendant.<br>------------------------------------------------------X | 07 CV<br>ECF CASE |

## VERIFIED COMPLAINT

Plaintiff, Kronoz Internacional, Inc. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Casey & Barnett, LLC, as and for its Verified Complaint against the Defendant, Custom Soft S.A. de C.V., (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all times material to this action, Plaintiff, was, and still is, a foreign corporation duly organized and operating under the laws of Mexico, with an office and place of business located at Calle 18 No. 303 por 9, Fracc. Residencial Camara de Comercio Norte 97133 Merida, Yucatan, Mexico, and is engaged in the business of freight forwarding.

3. Upon information and belief, Defendant, was and still is a foreign business entity, organized and existing pursuant to the laws of Mexico with an office and place of business located at Reforma 1700 Col Ladron de Guevara, Guadalajara, CP 44650, and is an importer of goods for commercial sale.

## **RELEVANT FACTS**

4. Defendant, Custom Soft S.A. de C.V., engaged the services of plaintiff, Kronoz Internacional, to provide transportation for numerous shipments of cargo from the port of Chiwan, China to Manzanillo, Mexico, pursuant to Kronoz House Waybills numbered EVOKOSZO6800092, EVOKOSZ06800094, EVOKOSZ06800159, EVOKOSZ06800154, EVOKOSZ06900102, EVOKOSZ06900068, EVOKOSZ06900028, EVOKOSZ06900004, EVOKOSZ06A00019, EVOKOSZ06A00045, EVOKOSZ06A00084, EVOKOSZ06900161, EVOKOSZ06A000111, and EVOKOSZ06A00045.

5. The shipments of cargo, traveling under the above referenced waybills, were received into the care and custody of plaintiff and/or its agents at the aforementioned port of departure and duly transported to their intended port of destination.

6. Plaintiff dispatched invoices to the defendant, demanding payment of shipping freight owed for the transportation services provided. (Attached hereto as Exhibit 1 are copies of invoices sent to defendant.)

7. Despite repeated demands, defendant failed to pay shipping freight that was, and remains, due and owing and has, thereby, caused plaintiff to sustain damages in the total amount of $101,971.

8. By virtue of the foregoing, defendant has breached the contracts of carriage to which it voluntarily entered.

9. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to *ABN Amro, American Express Bank, Bank*

*of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are believed to be due and owing to the Defendant.

    10.    The Plaintiff seeks an Order from this Court directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for certain Admiralty and Maritime claims, attaching *inter alia*, any assets of the defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

    A.    That process in due form of law issue against Defendant, citing it to appear and answer under oath all and singular matters alleged in the Complaint;

    B.    That since the defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee including, but not limited to, *ABN Amro, American Express Bank, Bank of America, Bank of New York, Citibank, Deutsche Bank A.G., HSBC Bank USA, J.P. Morgan Chase, Standard Chartered Bank,* and/or *Wachovia Bank N.A.*, which are due and owing to the Defendant, in the amount of $101,971 calculated to date to secure the plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  An Order recognizing and enforcing any final judgment rendered by a Mexican Court in Plaintiff's favor for the monies owed and the claims herein;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E.  That Plaintiff has such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 16, 2007
283-02

The Plaintiff,
Kronoz Internacional, Inc.

By: _____
Christopher M. Schierloh (CS-6644)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York 10017
Tel: 212-286-0225
Fax: 212-286-0261
cms@caseybarnett.com

## ATTORNEY'S VERIFICATION

State of New York )
                      ) ss:
County of New York )

1. My name is Christopher M. Schierloh.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Casey & Barnett, LLC, as attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made and the documents, and information, received from the Plaintiff and agents and/or representatives of the Plaintiff.


Dated: New York, New York
        April 17, 2007

                                                  Christopher M. Schierloh

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
KRONOZ INTERNACIONAL, INC.,

                Plaintiff,

      -against-

CUSTOM SOFT S.A. de C.V.,

                Defendant.
-------------------------------------------------------X

07 CV
ECF CASE

**FRCP RULE 7.1
DISCLOSURE STATEMENT**

      NOW comes plaintiff KRONOZ INTERNACIONAL, INC. and submits in duplicate its Disclosure Statement pursuant to F.R.Civ.P., Rule 7.1.

KRONOZ INTERNACIONAL, INC. is not a publicly traded company.

Dated: New York, New York
      April 17, 2007
      283-03

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

               By: _____
                              Christopher M. Schierloh  (CS-6644)
                              317 Madison Avenue, 21st Floor
                              New York, New York 10017
                              212-286-0225